**LAW OFFICES OF MARGARET M. BROUSSARD**
7909 WALERGA ROAD, SUITE 112 PMB 1157 ANTELOPE, CA 95843
TELEPHONE: 916-722-2370
FACSIMILE: 916-722-2801
MARGARET M. BROUSSARD, BAR NO. 219251

Attorneys for Plaintiff, C.S.T.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| C.S.T., a minor, by and through J.T., his<br><br>PLAINTIFF,<br><br>V.<br><br>DAVIS JOINT UNIFIED SCHOOL DISTRICT,<br><br>DEFENDANT. | CASE NO. CIV S-04-2748 MCE/GGH<br>**STIPULATION TO CONTINUE TRIAL DATE; PROPOSED ORDER**<br><br>JUDGE: HON. M. ENGLAND JR. |

**RECITALS**

1. On or about September 30, 2004, the California Special Education Hearing Office ("SEHO") issued a decision in the first administrative hearing between these parties, which is the first hearing underlying the appeal in this case.

2. On or about June 1, 2005, SEHO issued a decision in the second

1

administrative hearing between these parties, which is the second hearing underlying the appeal in this case.

  3. On or about June 15, 2005, Margaret Broussard, attorney for C.S.T., contacted SEHO to inquire about the proper procedure to obtain the administrative record needed for this appeal.

  4.  SEHO stated that their contract to hear and decide special education cases was terminated as of July 1, 2005 and that there was no decision made as of that date as to whether the SEHO or the new contract holder, the Office of Administrative Hearings ("OAH"), would be responsible for preparing and sending the administrative record.

  5.  M. Broussard was told to call back after July to get more details.

  6.  On or about July 11, 2005, M. Broussard called SEHO regarding the administrative record.

  7.  SEHO stated that there was still no decision made on this matter and that the parties were still in negotiation over which entity would provide the administrative record.

  8.  On or about August 8, 2005, M. Broussard called OAH to inquire as to the status of administrative records for cases heard by the SEHO and was told that SEHO would be responsible to providing the administrative record for all cases heard by the SEHO.

  9.  On or about August 8, 2005, M. Broussard called the SEHO to confirm that they were to provide a copy of the administrative record from the previous hearing. SEHO stated that they were not aware of any decision in this matter and that they were still not providing any copies of the record.  They stated that they were in negotiations with the California Department of Education to determine whether they would provide

the administrative records, or whether the responsibility would fall to OAH.  M. Broussard was told that they expected the matter to be conclusively determined by the middle of September.

10.  On or about September 12, 2005, when contacted by M. Broussard, SEHO stated that they were going to provide parties with copies of the administrative record.

11. On or about September 12, 2005, M. Broussard sent SEHO a letter requesting the administrative records for both of the administrative hearings between C.S.T. and the Davis Joint Unified School District.  The letter was sent by Facsimile and US mail.

12.  On or about October 10, 2005, M. Broussard  called  SEHO to check on the availability of the administrative record.   SEHO stated that the record was not completed and that there was no estimated date for delivery, that  the "record would be ready when it is ready" and to check back the following month.

13.  On or about November 17, 2005, M. Broussard contacted SEHO to ask again about the administrative record.  The record was still not ready and there was still no estimated date for completion.

14.  On or about January 5, 2006, Defendant received a letter from SEHO stating that the transcripts for the second hearing had been provided to Plaintiff.

15.  On or about January 5, 2006, Plaintiff received the transcripts only for the second hearing.  None of the administrative record has been provided on either hearing and the transcripts for the first hearing have not been provided to either party for the purposes of these appeals.

16.  The current briefing schedule as ordered by the Court has a deadline for dispositive motions of February 6, 2006 and a trial date for April 6, 2005.

17.   There have been no extensions of time asked for nor granted in this case to date.

### STIPULATION

BASED ON THE ABOVE RECITALS, IT IS HEREBY STIPULATED by and between the Plaintiff, C.S.T., by and through his Guardian Ad Litem ("C.S.T."), through his attorneys, Law Offices of Margaret Broussard by Margaret M. Broussard, Esq., and Defendant Davis Joint Unified School District ("District"), through its attorneys, Lozano Smith by Jan E. Tomsky, Esq., as to the following:

1.  Pursuant to Local Rule 6-144 (E.D. Cal. 1997), the trial date and all associated deadlines in the consolidated cases should be continued for a period of 120 days.

2.  The continuance is necessary due to the failure of the Special Education Hearing Office to timely provide the parties with a copy of the transcripts and the underlying record from both of the administrative hearings which are the subject of these appeals, despite timely and proper request to provide the transcripts and records.

3.  If all of the transcripts and the administrative record have not been provided prior to February 7, 2006, the parties intend to ask leave of the court to continue the case further.

Dated:   January 12, 2006

Respectfully Submitted,

LAW OFFICE OF MARGARET M. BROUSSARD

/s/ Margaret M. Broussard

By:_____

4

\_\_\_\_

    MARGARET M. BROUSSARD

    Attorney for Plaintiff C.S.T.


LOZANO SMITH

    /s/ Jan E. Tomsky

By:

_____

    JAN E. TOMSKY

    Attorney for Defendant Davis Joint Unified School District

///

///

///

///

///

///

///

**ORDER**

IT IS HEREBY ORDERED that, pursuant to Local Rule 6-144, the Joint Stipulation to continue the trial date and associated deadlines is GRANTED and the trial date and all associated trial deadlines are hereby continued for 120 days. The final pretrial conference of March 6, 2006 is continued to June 19, 2006 at 2:30 p.m. A joint pretrial conference statement is shall be filed on or before June 5, 2006. The court trial date of April 5, 2006 is continued to August 2, 2006 at 9:00 a.m.

Dated: January 20, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE